UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JOSE ALICEA COLON                                                                              PLAINTIFF
#223016

V.                                  No. 3:22-CV-00278-KGB-JTR

ETHAN RENIGER, Jailer,
Cross County Detention Center, *et al*.                                                DEFENDANTS

## ORDER

Plaintiff Jose Alicea Colon ("Colon"), a pretrial detainee in the Cross County Detention Center ("CCDC"), has filed a *pro se* § 1983 Complaint alleging Defendants violated his constitutional rights. *Doc. 2*. Before he may proceed with this action, the Court must screen his claims.[1]

Colon alleges that, on August 14, 2022, while he was on the second floor of the CCDC's F-Unit, his "blood pressure and … sugar drop[ped]," causing him to pass out. *Doc. 2 at 6*. Other inmates called for help, and Defendant Officer Ethan Reniger ("Reniger") arrived and "allowed 4 inmates to carry [Colon] down the stairs on a jail mat." *Id*.

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

While carrying him on the mat, however, the inmates "drop[ped Colon] down the steps," causing him to injure his back and knee. *Id*. The inmates then picked Colon back up and carried him down to the first floor where he was "seen by [a] nurse and tak[en] by … ambulance to the hospital." *Id*.

*For screening purposes only*, Colon will be allowed to proceed with his inadequate medical care and failure to protect claim against Reniger.[2] *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) ("[P]rison officials must ensure that inmates receive adequate … medical care, and must take reasonable measures to guarantee the safety of the inmates.") (internal quotations and citation omitted).

IT IS THEREFORE ORDERED THAT:

1. Colon is ALLOWED TO PROCEED with his inadequate medical care and failure to protect claim against Reniger.

2. The Clerk is directed to issue a summons for Reniger. The United States Marshal is directed to serve the summons, Complaint (*Doc. 2*), and this Order on him at the CCDC, without prepayment of fees or costs.[3]

DATED this 3rd day of November, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Colon's claims against all other Defendants will be addressed in a separate Partial Recommended Disposition.

[3] If Reniger is no longer employed by Cross County, the person responding to service must provide the Court, *under seal*, with Colon's last-known mailing address.