UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JOSE ALICEA COLON                                                                                           PLAINTIFF
#223016

V.                                         No. 3:22-CV-00278-KGB-JTR

ETHAN RENIGER, Jailer,
Cross County Detention Center, *et al*.                                                               DEFENDANTS

## **ORDER**

Plaintiff Jose Alicea Colon ("Colon") has two pending Motions.

**1. Colon's Motion to Preserve Evidence**

In his *pro se* § 1983 Complaint, Plaintiff Jose Alicea Colon ("Colon") alleges that, on August 14, 2022, while he was on the second floor of the Cross County Detention Center's ("CCDC") F-Unit, his "blood pressure and … sugar drop[ped]," causing him to pass out. *Doc. 2 at 6*. After other inmates called for help, Colon alleges that Defendant Officer Ethan Reniger ("Reniger") arrived and "allowed 4 inmates to carry [Colon] down the stairs on a jail mat," but the inmates "drop[ped him] down the steps," causing injuries to Colon's back and knee. *Id*.

After screening,[1] Colon was allowed to proceed with his inadequate medical care and failure to protect claims against Reniger. *Doc. 4*. Colon has now filed a Motion asking for a copy of any video recordings of the August 14, 2022 incident,

---

[1] *See* 28 U.S.C. § 1915A

including from the CCDC's "skycam." *Doc. 11 at 1*. The Court construes Colon's Motion (*Doc. 11*) as a Motion to Preserve Evidence and directs the Clerk to redesignate docket entry 11 as such. For good cause, Colon's Motion to Preserve Evidence (*Doc. 11*) is GRANTED.

**Defendant must immediately preserve *any* video recordings of the August 14, 2022 incident and any photographs that may have been taken of Plaintiff's injuries. This specifically includes, but is not limited to, video recordings from the "skycam," the second floor of the F-Unit, and the F-Unit stairway. Defendant will have 30 days to locate any such video recordings and photographs and file them, *under seal*, with the Clerk of the Court for the Eastern District of Arkansas. If any such video recordings or photographs have been lost, destroyed, or are no longer available (for any reason), Defendant must notify the Court within 30 days and provide a detailed explanation of why that evidence is no longer available and the names of all employees who had any involvement in the destruction or loss of that evidence. If necessary, the Court will schedule a hearing to take testimony from the named employees concerning how and why the video recordings and photographs were lost or destroyed.**

The Clerk is directed to mail a copy of this Order to the CCDC Jail Administrator.

### 2. Colon's Motion for Transfer

Colon has also filed a Motion for Transfer asking "to be able to move to another jail" because CCDC "personnel have been retaliating" against him, since he filed this § 1983 action. *Doc. 8*. Colon does not have a right to be placed in a jail of his choosing. *See Olim v. Wakinekona*, 461 U.S. 238, 245-48 (1983); *Rouse v. Benson*, 193 F.3d 936, 940 (8th Cir. 1999); *Felker v. Long*, 982 F.2d 525, *1 (8th Cir. 1993) (unpub.) (holding that "just as [a prisoner] has no constitutional right to *avoid* transfer, he has no such right to *obtain* transfer") (emphasis in the original).

Additionally, the alleged retaliation he complains of arose *after* he initiated this action. Thus, if Colon wishes to assert any claims based on this alleged retaliation, he must do so in a separately filed § 1983 action, *after* he has fully and completely exhausted the claims, pursuant to the CCDC's grievance procedures. *See* 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 90, 93-95 (2006); *Burns v. Eaton*, 752 F.3d 1136, 1141-42 (8th Cir. 2014) (The Prison Litigation Reform Act requires prisoners to fully and properly exhaust their administrative remedies as to each claim *before* filing a lawsuit in federal court).

Accordingly, Colon's Motion for Transfer (*Doc. 8*) is DENIED.

IT IS SO ORDERED this 14th day of December, 2022.

_____
UNITED STATES MAGISTRATE JUDGE